IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VERAGI WILLIAMS, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>SCOTT TINSLEY, Warden, )<br>)<br>Respondent. ) | Case No. CIV-25-889-D |

## **ORDER**

Petitioner Veragi Williams brought this action under 28 U.S.C. § 2254 [Doc. No. 1], challenging his state-court conviction and sentence in Case No. CF-1999-4784 (District Court of Oklahoma County, Oklahoma). Petitioner raises two grounds for relief, both of which relate to the photo line-up used in his underlying criminal case. Petitioner contends that his Fourteenth Amendment rights were violated when the State failed to preserve and disclose the photo line-up used as the sole basis of identification (Ground One); and that the State committed a *Brady* violation by withholding the pretrial photo line-up (Ground Two) [Doc. No. 1]. The matter was referred to United States Magistrate Judge Chris M. Stephens for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C).

On September 18, 2025, the magistrate judge issued a Report and Recommendation [Doc. No. 7], in which he recommends that Petitioner's § 2254 petition be dismissed with prejudice as time-barred by the Antiterrorism and Effective Death Penalty Act's (AEDPA) one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). As explained in the report, Petitioner's one-year limitations period began to run on April 19, 2002, and, absent tolling,

1

expired on April 21, 2003. [Doc. No. 7, at 6]. Petitioner did not file his habeas petition until August 11, 2025—more than 22 years after the limitations period expired. The magistrate judge further concluded that no factual or legal basis for a finding of timeliness was apparent from Petitioner's habeas petition.

In his Objection [Doc. No. 8], Petitioner first cites to § 2244(d)(1)(D), which provides an alternate start date for the one-year limitations period, beginning on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *See* 28 U.S.C. § 2244(d)(1)(D). However, Petitioner does not explain how the facts underlying his claims related to the photo line-up could not have been discovered earlier with due diligence. The case record reflects that Petitioner has known of the photo line-up since *at least* 2017, when he "requested the photo lineup from the Oklahoma County Court Clerk and was informed no such evidence existed in the case record." [Doc. No. 1, at 2]. Accordingly, even if Petitioner was entitled to the alternate start date set forth in § 2244(d)(1)(D), it would not render Petitioner's 2025 filing timely.

Petitioner also invokes equitable tolling. "Under the doctrine of equitable tolling, [the Court] will occasionally toll the time bar facing a habeas petitioner, though 'only in rare and exceptional circumstances.'" *United States v. Alvarado-Carrillo*, 43 F. App'x 190, 192 (10th Cir. 2002) (unpublished) (quoting *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)).[1] A prerequisite to any application of equitable tolling, however, is a finding that the "petitioner [has] diligently pursue[d] his federal habeas claims." *Gibson*, 232 F.3d

---

[1] Unpublished opinions are cited pursuant to FED. R. APP. P. 32.1(a) and 10th Cir. R. 32.1(A).

at 808; *see also Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[T]his equitable remedy is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control."). Here, in his one-page Objection, Petitioner has not shown that he diligently pursued his claims, nor has he identified any circumstances barring him from timely filing his habeas petition.

Finally, Petitioner claims he is actually innocent. "Actual (factual) innocence is a ground for applying equitable tolling." *United States v. Gabaldon*, 522 F.3d 1121, 1124 n.2 (10th Cir. 2008). Under this standard, Petitioner must support his allegations "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). The Supreme Court has "caution[ed], however, that tenable actual-innocence gateway pleas are rare: A petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).

In his Objection, Petitioner merely states that "[t]he withheld photo line-up and lack of physical evidence constitute new reliable evidence demonstrating that no reasonable juror would have convicted Petitioner." [Doc. No. 8, at 1]. This is insufficient to present a colorable claim of actual innocence. *See Phillips v. Ferguson*, 182 F.3d 769, 774 (10th Cir. 1999) ("To prevail, [the petitioner] must identify evidence that affirmatively demonstrates his innocence. A criminal defendant is required to provide evidence that does more than

3

simply 'undermine the finding of guilt against' him or her.") (internal quotations and citations omitted). For these reasons, the Court agrees with the magistrate judge that Petitioner is not entitled to equitable tolling, and the petition should be dismissed as time-barred by the AEDPA.

**IT IS THEREFORE ORDERED** that the Report and Recommendation [Doc. No. 7] is **ADOPTED** in its entirety. Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254 [Doc. No. 1] is **DISMISSED WITH PREJUDICE**. A separate judgment shall be entered.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to a petitioner. A COA may issue only if Petitioner "has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529

U.S. at 484. Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA is **DENIED**. The denial shall be included in the judgment.

**IT IS SO ORDERED** this 23rd day of October, 2025.

TIMOTHY D. DeGIUSTI
Chief United States District Judge